IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2005 Session

## TENNESSEE FARMERS LIFE REASSURANCE COMPANY
## v.  LINDA S. ROSE, ET AL.

**Appeal from the Chancery Court for Morgan County**
**No. 03-196      Frank V. Williams, III, Chancellor**

**No. E2005-00006-COA-R3-CV - FILED MARCH 17, 2006**

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from majority's decision to affirm the Trial Court's grant of summary judgment.  I would reverse the Trial Court's grant of summary judgment.

I concur completely with the majority's statements both of the facts and of the law applicable to these facts.  I agree with the majority's statement that "the language of the power of attorney governs as to whether Ms. Rose possessed the authority to change the beneficiary designation on the deceased's life insurance policy."  Likewise, I agree with the majority that "[t]he language of the deceased's power of attorney clearly and unambiguously recites the powers of the attorney in fact with respect to the deceased's life insurance."  The language of the deceased's power of attorney controls and that applicable language is:

> to transact all insurance business on my behalf, to apply for or
> continue policies, collect profits, file claims, make demands, enter
> into compromise and settlement agreements, file suits or actions and
> take any other action necessary or proper in this regard;

Where I differ with the majority is with its ultimate conclusion that the language of the deceased's power of attorney did not include the power to change the beneficiary on the deceased's life insurance policy.   I believe that  "all insurance business" means just what it says. Likewise, I believe that "take any other action necessary or proper in this regard. . ." also means just what it says.  The word "all" means one hundred percent and does not mean "most" or "some". Likewise, I think the word "any" as used here also means one hundred percent of the actions

necessary or proper to transact the deceased's insurance business. As used in this power of attorney, "all" and "any" are interchangeable.

I agree with the majority's statement that "[w]e cannot read into the power of attorney that which is not there." However, I also believe the converse to be true in that we cannot read out of the power of attorney that which is there. The deceased's power of attorney specifically granted Ms. Rose the power to transact "all insurance business" and to "take any other action necessary or proper in this regard. . . ." A change of the beneficiary on a life insurance policy is most certainly an action "to transact. . . insurance business. . . ."

For these reasons, I believe the Trial Court erred in granting summary judgment on the grounds relied on by the Trial Court. I would reverse Trial Court's grant of summary judgment, and for this reason respectfully dissent from the majority's opinion.

_____
D. MICHAEL SWINEY, JUDGE